```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ENRIQUE REYES RODRIGUEZ,

       Petitioner,

  v.                                  Case No.  2:25-cv-01012-JES-DNF

WARDEN, FLORIDA SOUTHSIDE
FACILITY, et al.,

       Respondents,

_____

## OPINION AND ORDER

Before the Court are Enrique Reyes Rodriguez's petition for writ of habeas corpus (Doc. 1), the Government's response (Doc. 6), and Reyes Rodriguez's reply (Doc. 7). For the following reasons, the petition is granted in part and denied in part.

### I.  Background

Reyes Rodriguez is a native and citizen of Mexico who has resided in the United States since August 15, 2015. (Doc. 1 at 2, 4.) Reyes Rodriguez has been employed in construction since his arrival in the United States. (Id. at 6.) He has two minor children who are United States citizens. (Id.) Reyes Rodriguez currently has a pending application for asylum. (Id.)

On October 24, 2025, Reyes Rodriguez was stopped by the Sarasota County Police Department for operating a motor vehicle without a valid license. (Doc. 1 at 6.) He was taken into custody and turned over to Immigration and Customs Enforcement (ICE), where

he remains. (Id.) Reyes Rodriguez has had no other encounters with law enforcement. (Id.) He is being held under 8 U.S.C. § 1225(b)(2). (Doc. 6 at 3.)

## II. Discussion

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Reyes Rodriguez. The distinction matters because § 1225(b)(2) mandates detention throughout removal proceedings, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Among other things, Reyes Rodriguez asks the Court to order the respondents to either release him or provide a prompt bond hearing. (Doc. 1 at 13-14.)

The respondents argue that: (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over Reyes Rodriguez's claims; (2) Reyes Rodriguez failed to exhaust available administrative remedies; and (3) Reyes Rodriguez is properly detained under § 1225 and is not eligible for a bond hearing. (Doc. 6 at 3-8.)

The Court has rejected identical arguments in recent cases that presented the same issues. See Cetino v. Hardin, No. 2:25-cv-1037-JES-DNF (M.D. Fla. Dec. 12, 2025) and Patel v. Parra, No. 2:25-cv-870-JES-NPM (M.D. Fla. Dec. 2, 2025). In those cases, the Court was satisfied of its jurisdiction and found that the petitioners were being held in violation of their rights under the

INA, entitling them to habeas relief. The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in Cetino and Patel, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in the prior cases, Reyes Rodriguez's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Reyes Rodriguez is entitled to the statutory process under § 1226(a), which includes a bond hearing. See Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Accordingly, it is hereby **ORDERED**:

1.  Enrique Reyes Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART.**

2.  On or before **December 26, 2025,** Respondents shall provide Reyes Rodriguez with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED.**[1]

---

[1] Reyes Rodriguez also seeks an order requiring his immediate release from custody. However, that is not something the Court can provide. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." Hulke v. Schmidt, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Reyes Rodriguez is an alien without lawful status. Thus, he is entitled to a bond hearing under § 1226(a), not immediate release. Likewise, Reyes Rodriguez's Due

3. If Respondents release Reyes Rodriguez, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

4. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.[2]

**DONE AND ORDERED** in Fort Myers, Florida on December 15, 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

---

Process Clause claim is not addressed "given that the Court [is granting] the relief [Petitioner is entitled to] based on its interpretation of the applicability of § 1226(a)." Pizarro Reyes v. Raycraft, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If Respondents do not provide Reyes Rodriguez with a bond hearing as ordered, he can renew his Fifth Amendment claims in a subsequent complaint or petition.

[2] The Court is aware of a pending California case that certified a class action of aliens who are in immigration detention and being denied access to a bond hearing. See Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). But no final judgment has been issued in Bautista to bind the parties here. The Court finds no reason to dismiss or stay this case in the meantime.

4